JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Angel Nazario

**(b)** County of Residence of First Listed Plaintiff   <u>Franklin County</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Simon & Simon, PC
18 Campus Blvd., Suite 100
Newtown Square, PA 19073

### DEFENDANTS

Nationwide Property and Casualty Insurance Company

County of Residence of First Listed Defendant   <u>Franklin County, OH</u>
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| [ ] 140 Negotiable Instrument |    Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' |    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |    Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|    Student Loans | [ ] 340 Marine |    Injury Product | |    New Drug Application | [ ] 470 Racketeer Influenced and |
|    (Excludes Veterans) | [ ] 345 Marine Product |    Liability | | [ ] 840 Trademark |    Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|    of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending |    Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |    Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal |    Property Damage |    Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |    Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - |    Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff |    Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ |    Sentence | |    or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |    Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | [ ] 462 Naturalization Application | |    Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| |    Other | [ ] 550 Civil Rights |    Actions | |    State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(b) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE
04/25/2022

SIGNATURE OF ATTORNEY OF RECORD
*Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Angel Nazario - 62  Edgewater Dr., Chambersburg, PA 17202 _____

Address of Defendant: _____ Nationwide - One Nationwide Plaza, Columbus, OH 43215 _____

Place of Accident, Incident or Transaction: _____ intersection of N Front St. & Windsor St., in Reading, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/25/2022      *Marc Simon*      201798
<br>*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
*(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☑ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Marc Simon _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 04/25/2022      *Marc Simon*      201798
<br>*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Angel Nazario | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Nationwide Property and Casualty Insurance Company, | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 04/25/2022 | Marc Simon | Angel Nazario |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-467-4666 | 267-639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Angel Nazario | : | |
| 62 Edgewater Dr. | : | #_____ |
| Chambersburg, PA 17202 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Nationwide Property and Casualty Insurance | : | |
| Company | : | |
| One Nationwide Plaza | : | |
| Columbus, OH 43215 | : | |
| Defendant | : | |

## COMPLAINT

## PARTIES

1.      Plaintiff, Angel Nazario ("Plaintiff"), is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Nationwide Property and Casualty Insurance Company ("Defendant" or "Nationwide"), was at all times material hereto, an insurance company incorporated in the State of Ohio, with a principal place of business at the address listed in the caption of this Complaint.

3.      At all relevant times, Defendant was engaged in the practice of providing automobile insurance policies, including, but not limited to, motor vehicle liability policies.  These policies occasionally provide underinsured (UIM) and uninsured (UM) motorist coverage.

4.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction over the parties and subject matter in this civil action because Plaintiff is a citizen of Pennsylvania, Defendant is a corporate citizen of Ohio, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) (1) and (2), in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district, including Defendant's issuance of an insurance policy providing the UIM benefits disputed herein.

7.     More specifically, this matter involves a dispute over UIM benefits applicable to Plaintiff under a policy of insurance issued by Defendant to Plaintiff in Reading, Berks County, Pennsylvania, which is located in this judicial district.

## FACTS

8.     On or about February 16, 2020, at approximately 6:00 p.m., Plaintiff was the owner and operator of a motor vehicle proceeding on North Front Street, in Reading, PA, proceeding straight through a green light controlling the intersection with Windsor Street.

9.     At the same date and time, Yajarlyn Maria-Reyes (the "tortfeasor"), was the owner and operator of a motor vehicle proceeding on Windsor Street, approaching the same intersection.

10.     Despite having a red light requiring her to stop, the tortfeasor disregarded and disobeyed the red light and plowed straight through the intersection, crashing into Plaintiff's vehicle.

11.     This collision was not the result of any action or failure to act by Plaintiff.

12.     Rather, the negligence or carelessness of the tortfeasor was the sole proximate cause of the red light crash, and of the resulting injuries and damages sustained by Plaintiff, and it consisted of, but was not limited to, the following:

   a.   Striking Plaintiff's vehicle after running a red traffic signal;

   b.   Failing to exercise ordinary care to avoid the subject red light crash;

   c.   Operating their vehicle without regard for the rights or safety of Plaintiff or the general motoring public, and in such a manner as to cause the subject red light crash;

2

d.  Failing to keep a proper lookout for approaching vehicular traffic before and while running through a red traffic signal;

e.  Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to proceed before and while running through a red traffic signal;

f.  Failing to yield the right of way to vehicular traffic proceeding through a green traffic signal;

g.  Failing to maintain proper distance between vehicles;

h.  Failing to have their vehicle under proper and adequate control;

i.  Operating their vehicle at a rate of speed that was dangerous and excessive under the circumstances;

j.  Violating the "assured clear distance ahead" rule;

k.  Driving Failure to apply their brakes earlier to stop their vehicle to avoid the subject red light crash;

l.  Being inattentive to their duties as a driver;

m.  Failing to remain continually alert while operating said vehicle;

n.  Disregarding applicable traffic lanes, patterns, and devices;

o.  Failing to perceive the highly apparent danger to the motoring public, specifically including Plaintiff, which their actions and/or inactions posed;;

p.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating said vehicle with disregard for the rights of Plaintiff, even though they were aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

r.  Continuing to operate their vehicle in a direction towards Plaintiff's vehicle when they saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a crash; and

s.  Failing to operate said package delivery van in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicle including violations of Pennsylvania Motor Vehicle Code Sections 3111, 3112, 3310, 3361, 3714 and/or 3736.

13.   As a direct and proximate result of the negligent and/or careless conduct of the

tortfeasor, Plaintiff suffered various serious and permanent personal injuries, serious impairment

of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to his left knee and left upper arm/shoulder, and lumbar/cervical strains/sprains, all to Plaintiff's great loss and detriment.

14.     As a direct and proximate result of these injuries, all of which are permanent in nature and to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered, is presently suffering, and will in the future suffer great pain, anguish, sickness and agony.

15.     As an additional direct and proximate result of the carelessness and/or negligence of the tortfeasor, along with the physical injuries suffered, Plaintiff has in the past suffered, is presently suffering, and will in the future suffer emotional injuries.

16.     As a direct and proximate result of the negligent and/or careless conduct of the tortfeasor, Plaintiff suffered damage to Plaintiff's personal property, including the motor vehicle which Plaintiff was operating at the time of the aforesaid motor vehicle collision, including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17.     As a further direct and proximate result of Plaintiff's injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18.     At the date and time of the subject crash, Plaintiff's vehicle was covered by a policy of insurance issued by Defendant under Policy Number 5837E967625 (the "Policy"), a copy of which is attached as **Ex. C**. The Policy included coverage for underinsured motorist ("UIM") coverage, applicable to Plaintiff, with limits of Fifty Thousand Dollars ($50,000.00) per person.

19.     Plaintiff initiated a lawsuit against the tortfeasor in Berks County on July 18, 2021, who was also insured by Nationwide with liability policy limits of Fifty Thousand Dollars ($50,000.00) per person.

20.     On November 16, 2021, Nationwide tendered the tortfeasor's Fifty Thousand Dollars ($50,000.00) policy on November 16, 2021.

21.     Given that the tortfeasor's insurance policy with Nationwide was insufficient to fully and adequately compensate Plaintiff for his injuries, expenses, and damages sustained in the subject crash, Plaintiff promptly made an initial informal claim upon Defendant for the full Fifty Thousand Dollar ($50,000.00) UIM benefits available under the Policy, on November 12, 2021, and promptly provided additional documentation requested by Defendant over the following days.

22.     On November 23, 2021, Plaintiff promptly made a formal claim upon Defendant for the full UIM benefits available under the Policy; Plaintiff included with that demand information and documentation supporting his claim to Defendant, specifically:

    a.  Police Crash Report;

    b.  June 16, 2020 Diagnostic Health MRI report;

    c.  St. Joseph Medical Center, Penn State Health records;

    d.  Delaware Valley Chiropractic and Rehabilitation records;

    e.  Regional and Spine Pain Care records;

    f.  4/21/2021 Premier Pain Operative Report;

    g.  5/24/2021 Lance Yarus Report; and

    h.  6/29/21 BalaCare Solutions Life Care Plan Report presenting $313,594.00 of future medical bills that plaintiff expects to incur.

23.     Now, five (5) months after Plaintiff's demand for the full UIM benefits available under the Policy, Defendant has not responded to Plaintiff's formal demand, necessitating the filing of this action.

<u>**COUNT I**</u>
**Underinsured Motorists Coverage**

24.     Plaintiff incorporates by reference herein the allegations set forth in the above

paragraphs of this Complaint as if set forth herein at length.

25.    At the time of the subject crash, the tortfeasor's motor vehicle/liability insurance policy, with limits of just Fifty Thousand Dollars ($50,000.00), was insufficient to fully and adequately compensate Plaintiff for the injuries, expenses, and damages sustained in the subject crash.

26.    Accordingly, Plaintiff asserts an Underinsured Motorist Claim under the Policy against Defendant, Nationwide.

WHEREFORE, Plaintiff, Angel Nazario, demands judgment in Plaintiff's favor and against Defendant, Nationwide Property and Casualty Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Breach of Contract

27.    Plaintiff incorporates by reference all previous allegations as if fully set forth herein at length.

28.    The Policy issued by Defendant was valid and in force at the time of the subject crash, the policy provided UIM benefits with Fifty Thousand Dollars ($50,000.00), Plaintiff's claim for coverage thereunder was timely made, less than one (1) week after resolving his claims under the tortfeasor's Nationwide insurance policy.

29.    By failing to pay the full UIM benefits available under Plaintiff's Policy, now five (5) months after the demand was made, Nationwide has failed to comply with the terms of the Policy.

30.    The Policy issued by Defendant includes an implied covenant of good faith and fair dealing.

31.    Defendant has to date failed to comply with the implied covenant of good faith and

6

fair dealing of the Policy.

32.     Defendant breached the expressed and implied terms, provisions, promises and covenants of the Policy by, *inter alia*:

a.   engaging in unfair or deceptive acts or practices;

b.   failing to fully, fairly and promptly evaluate Plaintiff's UIM claim;

c.   failing to offer a fair and reasonable amount of UIM benefits to Plaintiff to fully and fairly compensate him for his loss;

d.   failing to make payment of the Policy coverage limits to Plaintiff;

e.   failing to effectuate a prompt and fair settlement of Plaintiff's UIM claim;

f.   failing to properly and fairly resolve Plaintiff's UIM claim;

g.   failing to comply with the terms and provisions of the Policy;

h.   breaching the implied covenant of good faith and fair dealing;

i.   accepting premiums for UIM coverage while, at the same time, refusing to pay a reasonable and fair amount of UIM benefits to Plaintiff in violation of Pennsylvania law;

j.   violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

k.   acting in a dilatory and obdurate manner in the handling of Plaintiff's UIM claim;

l.   forcing Plaintiff to incur fees, costs and expenses in pursuing litigation in order to recover UIM benefits;

m.   recklessly, wantonly, and/or willfully disregarding the rights of Plaintiff to recover the coverage limits of the Policy;

n.   elevating its own interests above those of Plaintiff;

o.   breaching the duty of good faith and fair dealing;

p.   breaching the fiduciary duties owed to Plaintiff;

q.   violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

r.   violating its own internal policies, procedures, practices and guidelines for the handling of UIM claims; and

s.  such other acts or omissions as may be developed during discovery.

33.    Further, it is believed and averred that Defendant breached the expressed and implied

terms, provisions, promises and covenants of the policy of insurance by, *inter alia*:

a.  Having a pattern and practice of processing and evaluating the claims of Plaintiff, and other individuals represented by Simon & Simon, PC, based in whole or in part on the fact that Plaintiff was represented by Simon & Simon, PC, without regard to the facts, law and merits of individual claims;

b.  Evaluating Plaintiff's claims based on the fact that he is represented by Simon & Simon, PC instead of on the merits of his individual case;

c.  Failing to promptly investigate, process and satisfy Plaintiff's claims, in whole or in part, due to a pattern and practice of handling the claims of individuals represented by Simon & Simon, P.C. in a manner inconsistent with the duties of good faith and fair dealing;

d.  Failing to reevaluate the value of Plaintiff's claim after being furnished with additional documents and information, and in the absence of any contrary medical evidence; and

e.  Failing to make payment under the Policy for frivolous or unfounded reasons.

34.    As a result of the breach of the expressed and implied terms, provisions, promises

and covenants of the policy by Defendant, Plaintiff has been forced to incur fees, costs and

expenses associated with the litigation of his claims.

35.    Plaintiff is entitled to recover all direct and consequential damages arising from the

breach of the expressed and implied terms, provisions, promises and covenants of the Policy by

Defendant, including but not limited to:

a.  counsel fees incurred in the instant bad faith litigation;

b.  costs and expenses incurred in the instant bad faith litigation;

c.  interest; and

d.  such other relief as the Court deems appropriate.

WHEREFORE, Plaintiff, Angel Nazario, demands judgment in Plaintiff's favor and

against Defendant, Nationwide Property and Casualty Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Bad Faith

36.    Plaintiff incorporates by reference all previous allegations as if fully set forth herein at length.

37.    The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorneys fees against the insurer.

42 Pa.C.S.A. § 8371.

38.    Plaintiff's UIM claim constitutes an action arising under an insurance policy.

39.    Defendant acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in failing to make payment of a fair and reasonable amount of UIM benefits to Plaintiff by, *inter alia*:

    a.   engaging in unfair or deceptive acts or practices;

    b.   failing to fully, fairly and promptly evaluate Plaintiff's UIM claim;

    c.   failing to offer a fair and reasonable amount of UIM benefits to Plaintiff to fully and fairly compensate him for his loss;

    d.   failing to make any offer of UIM benefits to Plaintiff;

    e.   failing to make payment of the Policy coverage limits to Plaintiff;

    f.   failing to effectuate a prompt and fair settlement of Plaintiff's UIM claim;

g.   failing to properly and fairly resolve Plaintiff's UIM claim;

h.   failing to comply with the terms and provisions of the Policy;

i.   breaching the implied covenant of good faith and fair dealing;

j.   accepting premiums for UIM coverage while, at the same time, refusing to pay a reasonable and fair amount of UIM benefits to Plaintiff in violation of Pennsylvania law;

k.   violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

l.   acting in a dilatory and obdurate manner in the handling of Plaintiff's UIM claim;

m.   forcing Plaintiff to incur fees, costs and expenses in pursuing litigation in order to recover UIM benefits;

n.   recklessly, wantonly, and/or willfully disregarding the rights of Plaintiff to recover the coverage limits of the Policy;

o.   elevating its own interests above those of Plaintiff;

p.   breaching the duty of good faith and fair dealing;

q.   breaching the fiduciary duties owed to Plaintiff;

r.   violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

s.   violating its own internal policies, procedures, practices and guidelines for the handling of UIM claims; and

t.   such other acts or omissions as may be developed during discovery.

40.   Further, it is believed and averred that Defendant breached the expressed and implied

terms, provisions, promises and covenants of the policy of insurance by, *inter alia*:

a.   Having a pattern and practice of processing and evaluating the claims of Plaintiff, and other individuals represented by Simon & Simon, PC, based in whole or in part on the fact that Plaintiff was represented by Simon & Simon, PC, without regard to the facts, law and merits of individual claims;

b.   Evaluating Plaintiff's claims based on the fact that he is represented by Simon & Simon, PC instead of on the merits of her individual case;

c.   Failing to promptly investigate, process and satisfy Plaintiff's claims, in whole or in part, due to a pattern and practice of handling the claims of individuals

represented by Simon & Simon, P.C. in a manner inconsistent with the duties of good faith and fair dealing;

d. Failing to reevaluate the value of Plaintiff's claim after being furnished with additional documents and information, and in the absence of any contrary medical evidence; and

e. Failing to make payment under the Policy for frivolous or unfounded reasons.

41.   Defendant is liable for payment of interest, fees, costs and punitive damages to Plaintiff for the bad faith conduct in handling and adjusting his UIM claim.

42.   Defendant is liable for payment of all actual damages and consequential damages to Plaintiff for the wanton, willful and reckless bad faith conduct in handling and refusing to fairly adjust, evaluate and settle Plaintiff's UIM claim.

43.   Defendant recklessly, wantonly, and/or willfully disregarded Plaintiff's rights, forcing him to proceed with litigation in order to recover UIM benefits under the Policy, being fully aware that the UIM claim had a value in excess of the available coverage limits.

44.   Plaintiff, is entitled to recover counsel fees and costs from Defendant that he has incurred in bringing and prosecuting the instant litigation.

WHEREFORE, Plaintiff, Angel Nazario, demands judgment in Plaintiff's favor and against Defendant, Nationwide Property and Casualty Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**SIMON & SIMON, P.C.**

BY:   *Marc Simon*
          _____
          Marc I. Simon, Esquire
          Roman T. Galas, Esquire