UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANGEL NAZARIO,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>NATIONWIDE PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br>　　　　　　Defendant. | :<br>:<br>:<br>:　　No.　5:22-cv-1598<br>:<br>:<br>:<br>:<br>: |

**O P I N I O N**
**Defendant's Partial Motion to Dismiss/Motion to Strike, ECF No. 11 – Denied**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　**July 25, 2022**
**United States District Judge**

I.　　**INTRODUCTION**

　　Underlying this case is a car accident involving Plaintiff Angel Nazario. On February 16, 2020, another motorist ran a red light, colliding with the vehicle that Nazario was driving. Following the crash, Nazario negotiated a settlement with the tortfeasor's insurance company, Nationwide Property and Casualty Insurance Company, for the policy limit of $50,000. Because Nazario believed that this amount was insufficient to compensate him, he filed an underinsured motorist claim, (UIM) with Defendant Nationwide, his insurance carrier.

　　Nazario alleges that almost seven months following his demand for UIM coverage, Nationwide provided him an offer of $2,500.[1] Nazario, believing the offer was grossly insufficient, filed this lawsuit asserting three claims: (1) UIM Coverage, (2) Breach of Contract, and (3) Bad Faith. Nationwide moves to dismiss only the bad faith claim and to strike certain

---

[1] Nazario's UIM policy limit with Nationwide was $50,000.

language in the Complaint relating to the bad faith claim. For the reasons set forth herein, Nationwide's Motion to Dismiss and Motion to Strike are denied.

## II.     BACKGROUND

Nazario was in a car accident on February 16, 2020, when another motorist ran a red light and crashed into Nazario's car. *See* Am. Compl. ¶¶ 8–10, ECF No. 10. Nazario sued the tortfeasor, who was insured by Nationwide. *See id.* ¶ 18. Nazario was also insured by Nationwide. *See id.* ¶ 21. In relation to his settlement with the tortfeasor's insurer, Nazario submitted a formal demand packet to Nationwide on September 17, 2021. *See id.* ¶ 19. Nazario's claim to Nationwide's adjuster included documentation showing future medical bills for $313,594, with supporting documents including a police crash report, Diagnostic MRI report, St. Joseph Medical Center report, Penn State Health records, Delaware Valley Chiropractic and Rehabilitation records, Regional and Spine Pain records, a Premier Pain Operative Report, and a Lance Yurus Report. *See id.* ¶¶ 19–20. In less than two months, on November 16, 2021, Nationwide settled and tendered $50,000, which was the full applicable policy limit carried by the tortfeasor. *See id.* ¶ 20.

Subsequently, Nazario made a formal claim for UIM Coverage. Nazario's UIM policy limit was $50,000, and the claim was for the full amount. *See id.* ¶¶ 21–22. Nazario attached with his claim the same damages documentation previously submitted to the first Nationwide adjuster. *See id.* ¶ 22. Nationwide did not offer any payments to Nazario for six months. *See id.* ¶ 23. Nazario filed a Complaint alleging counts for UIM coverage, breach of contract, and bad faith. *See* Compl., ECF No. 1. Nazario then filed an Amended Complaint. Between the filing of Complaint and the filing of the Amended Complaint, Nationwide made an offer of $2,500, which Nazario rejected. *See* Am. Compl. ¶ 23. Nationwide has moved dismiss the bad faith claim and

strike certain language in the Amended Complaint related to the bad faith clam. *See* Mot., ECF No. 11.

## III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.      Bad Faith, 42 Pa. Cons. Stat. § 8371 – Review of Applicable Law

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).  Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)).  Bad faith on part of an insurer is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.'" *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

To state a claim for bad faith under 42 Pa. C.S. § 8371, a plaintiff must allege: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky*, 649 A.2d at 688).  To satisfy element one of the *Terletsky* test, a plaintiff must allege the defendant "did not have a reasonable basis for denying benefits." *Wolfe*, 790 F.3d at 498.  "Pennsylvania courts recognize that bad faith may extend to an insurer's lack of good faith investigation or failure to communicate with the claimant." *White v. Travelers Ins. Co.*, No. 20-CV-2928, 2020 WL 7181217, at *4 (E.D. Pa. Dec. 7, 2020) (citing *Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1149 (Pa. Super. Ct. 2013)) "A reasonable basis is all that is required to defeat a claim of bad faith." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)).

Element two of the *Terletsky* test requires the plaintiff to show that the "insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe*, 790 F.3d at 498

(quoting *Terletsky*, 649 A.2d at 688).  "If pleading bad faith delay, the mere existence of the delay itself is insufficient."  *Id.* (citing *Shaffer v. State Farm Mut. Auto. Ins. Co.*, No. 1:13-CV-01837, 2014 WL 5325340, at *7 (M.D. Pa. Oct. 20, 2014)); *see also Wiener v. Banner Life Ins. Co.*, No. 02-CV-1351, 2003 U.S. Dist. LEXIS 4957, at *23 (E.D. Pa. Feb. 28, 2003) (noting "accident claims investigations can take months even without aggravating factors").

"In bad faith cases premised on an insurer's delay and failure to communicate, courts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months."  *White*, 2020 WL 7181217, at *5.  *See, e.g.*, *Grossi*, 79 A.3d at 1152 (finding a one-year delay was "not per se bad faith . . ."); *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, No. 5:19-CV-04016, 2020 WL 405606, at *5 (E.D. Pa. Jan. 24, 2020) (asserting a two-year delay is sufficient to plead bad faith under § 8371); *Bernstein v. Geico Cas. Co.*, No. 19-CV-1899, 2020 WL 1308226, at *4 (E.D. Pa. Mar. 19, 2020) (citing *Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 572 (E.D. Pa. 2000)) (finding no bad faith when an insurer delayed its investigation of insured's claim for fifteen months).

### C. Motion to Strike

Under the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* FED. R. CIV. P. 12(f).

Immaterial matter is that which has no essential or important relationship to the claim for relief. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action.

*Bacon v. USAA Cas. Ins. Co.*, No. 1:18-cv-01686, 2019 WL 1988214, at *2–3 (M.D. Pa. May 6, 2019) (quoting *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009)). "The decision whether or not to grant or deny a motion to strike is within the discretion of the Court." *Id.* (citing *Zaolga*, 671 F. Supp. 2d at 633). However, "although Rule 12(f) grants the court the power to grant a motion to strike, such motions 'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142–43 (E.D. Pa. 2011) (quoting *Wilson v. King*, No. 06-2608, 2010 WL 678102, at *2 (E.D. Pa. Feb. 24, 2010)).

**IV.    ANALYSIS**

Nationwide argues that Nazario's claim of bad faith be dismissed because the "Complaint fails to state any facts to support conclusory allegations of bad faith and therefore fails to state a claim upon which relief can be granted." *See* Resp. ¶ 6, ECF No. 13. Nationwide further argues that the Complaint "states a laundry list of conclusory allegations of bad faith with no factual support." *Id*. at ¶ 7.

Notwithstanding Nationwide's arguments to the contrary, taking the allegations in the Amended Complaints as true, Nazario has provided factual allegations sufficient to sustain a bad faith claim at this early stage of the proceedings. Therefore, Nationwide's motion to dismiss is denied. Moreover, because Nazario has sufficiently stated a bad faith claim, Nationwide's motion to strike certain allegations related to the bad faith claim is similarly denied.

A. **Motion to Dismiss**

1. **Six-Month Delay**

First, the Amended Complaint alleges that Nationwide, as the tortfeasor's insurer, tendered the $50,000 policy limit within just two months of Nazario's formal claim. Nazario further alleges that six days after receiving that insurance payment, Nazario made a formal claim to Nationwide for the full UIM benefits of $50,000 under his policy. Nazario included with the demand the same "documentation supporting his claim that he submitted previously to [Nationwide's] adjuster which had prompted the tender of the tortfeasor's full policy limit." *See* Am. Compl. ¶ 22. Nazario also alleges that six months later, Nationwide made an offer to tender only $2,500, "a mere 5% of the applicable policy." *See id.* ¶ 23.

A delay of six month is not per se unreasonable. However, while a "delay 'on its own [does not] necessarily constitute bad faith', the delay between a demand for benefits and an insurer's determination of whether to pay a claim is a relevant factor in determining whether an insurer has acted in bad faith." *Shaffer v. State Farm Mut. Auto. Ins. Co.*, 643 F. App'x 201, 204 (3d Cir. 2016) (*citing Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 589 (E.D. Pa. 1999)); *see also Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 752 (3d Cir. 1994) (indicating that in determining whether the insurer has acted in bad faith, courts may consider the delay by insurer in responding to communications from insured, its response time in engaging an investigator and in conducting an investigation, and its handling of settlement negotiations).

Here, Nationwide responded to the initial claim with the tortfeasor in just two months. That is, Nazario submitted a formal claim with all the documents listed above, and in a little less than sixty days, he received a payment in the full amount of the tortfeasor's policy limit. When

Nazario then submitted a formal UIM claim only six days later, and with the same exact documentation, Nationwide did not make an offer for six months.

When Nationwide did finally make an offer, it was in the amount of only $2,500. Moreover, the offer came only after Nazario filed the Amended Complaint, and at that point, over six months had passed since he had formally filed the UIM claim. Nazario alleges that during the six-month period, Nationwide requested that he provide records on his previous accidents, which he informed Nationwide that he did not have. Nazario claims that Nationwide's request for the records had evolved to the point of "repetitive, harassing, demands … to which Plaintiff had repeatedly responded, advising that he does not have requested information." *See* Reply at 3. Thus, Nazario's allegations related to Nationwide's delay in handling the UIM claim give weight to his claim that the insurer engaged in bad faith.

### 2.     Extreme Disparity

Next, the Amended Complaint alleges that to resolve Nazario's UIM claim, Nationwide offered only $2,500, which represents just 5% of the applicable policy limit. While it is unclear how Nationwide arrived at its offer of $2,500, Nazario does allege that he provided documentation to Nationwide that substantiated over $313,000 in future medical bills. This is the same documentation upon which Nationwide tendered full policy limit payment on the tortfeasor's policy. The $2,500 offer is well below Nazario's documented estimate, even when considering the $50,000 Nazario received via the tortfeasor's policy. Although "bad faith 'is not present merely because an insurer makes a low but reasonable estimate of an insured's damages,' the disparity between the defendant insurer's payment and the plaintiff's estimates is a relevant consideration in bad faith claims." *Smith v. State Farm*, 506 F. App'x 133, 136 (3d Cir.2012) (quoting *Johnson v. Progressive Ins. Co.,* 987 A.2d 781, 784 (Pa. Super. 2009)); *see*

*also Meiser v. State Farm Fire and Cas. Co.*, No. 3:17-2366, 2018 WL 4680055, at *3 (M.D. Pa. Sept. 28, 2018) (finding a complaint sufficient to state a claim for bad faith where the plaintiff alleged "extreme disparity" between the insurer's estimate of damages and plaintiff's estimate, and further supported the allegation with exhibits attached to the complaint showing the extent and total amount of damages based on plaintiff's estimates (citing *Chuplis v. State Farm Fire Casualty Co.*, No: 3:20-CV-1757, 2021 WL 1080932 at *4 (M.D. Pa. Mar. 19, 2021))). In *Meiser*, the plaintiff provided her insurer documentation of damages totaling approximately $40,000. Her insurer offered her just $2,243.58, or about five percent of what she documented. The court labeled this as an "extreme disparity." *Id.* Here, Nazario, like *Meiser*, alleges that he provided supporting documentation for his damages. Moreover, Nazario similarly alleges that Nationwide offered him only 5% of his policy limits and less than 1% of what he documented. Accordingly, Nazario has alleged facts sufficient to state a claim for bad faith at this stage of the litigation, and Nationwide's motion to dismiss is denied.

      **B.**     **Motion to Strike**

Next, Nationwide moves to strike certain language from the Amended Complaint related to the bad faith claim. This motion is similarly denied. Nazario's Amended Complaint pleads that Nationwide has a practice of failing to promptly evaluate and investigate claims when plaintiffs are represented by the law firm representing Nazario—Simon & Simon PC. *See* Am. Compl. ¶¶ 34, 41. Notwithstanding Nationwide's arguments to the contrary, these claims have an "important relationship to the claim for relief." *Bacon v. USAA Cas. Ins. Co.*, No. 1:18-cv-01686, 2019 WL 1988214, at *2–3 (M.D. Pa. May 6, 2019). Nazario has alleged a sufficient bad faith against Nationwide. Accordingly, allegations relating to the conduct of Nationwide in reviewing claims are material and important to the bad faith claim and relief sought. Therefore,

9
072222

Nationwide's motion to strike these allegations is denied. Moreover, because Nazario alleged a sufficient bad faith claim at this stage of the proceedings, Nationwide's motion to strike the Amended Complaint's prayer for costs and attorney's fees is denied.

## V.    CONCLUSION

Taking the factual allegations as true in favor of Nazario, his bad faith claim against Nationwide has sufficient "facial plausibility that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Nationwide's motion to dismiss is denied. For the reasons set forth above, Nationwide's motion to strike is similarly denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge